**Roger Earl BONNER, Petitioner— Appellant,**

v.

**Roseanne CAMPBELL, Warden, Respondent—Appellee.**

No. 02–56619.
D.C. No. CV–01–0117–WBS–GGH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 5, 2003.

Decided July 3, 2003.

Before TROTT, TALLMAN, Circuit Judges, and COLLINS,* District Judge.

* Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

## MEMORANDUM **

Roger Earl Bonner ("Bonner") appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition. Bonner claims that the district court erred in finding: 1) his claim relating to substitution of an alternate juror was procedurally defaulted; 2) his trial counsel was not ineffective; and 3) the trial court's instructions to the jury were not unconstitutionally misleading or confusing. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

We review de novo a district court's decision to grant or deny a habeas petition pursuant to 28 U.S.C. § 2254. *See Benn v. Lambert*, 283 F.3d 1040, 1051 (9th Cir. 2002). A court may grant habeas relief to a person in state custody only if the state court proceedings: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States;" or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

First, a petitioner must fully exhaust his claims in state court before filing a federal habeas petition. *See* 28 U.S.C. § 2254(b)(1); *see also Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). A claim raised but found by the state court to be defaulted on procedural grounds, which are "adequate and independent" of federal law, is technically exhausted but may not be considered by a federal court unless the petitioner demonstrates cause and prejudice to excuse the default in state court, or shows that a fundamental miscarriage of justice would result. *Coleman v. Thompson*, 501 U.S. 722, 740–50, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). The California Court of Ap-

peal ("Court of Appeal") determined that Bonner waived his claim relating to the substitution of an alternate juror because he failed to object to the substitution at trial; in fact, Bonner's counsel requested the substitution of the alternate juror. As such, Bonner failed to demonstrate cause and prejudice or a fundamental miscarriage of justice. Accordingly, the district court did not err in concluding that Bonner's juror substitution claim was procedurally defaulted.

Second, to prevail on a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that such deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Court of Appeal determined Bonner's trial counsel was not ineffective because an objection to the juror substitution or motion for mistrial would have been unsuccessful. This determination is not an unreasonable application of federal law.

Finally, in reviewing jury instructions, the relevant inquiry is whether the instructions as a whole are misleading or inadequate to guide the jury's deliberation. *Estelle v. McGuire*, 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). The Court of Appeal found that the jury instructions adequately described the elements of each offense with which Bonner was charged and that the jury was capable of understanding the instructions as formulated. The Court of Appeal's holding with respect to the jury instructions was not an unreasonable application of federal law.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.